Allene COATES, Willie Graves, McKinney Graves, Virgil Graves, Roy Graves, Elvie Graves, Frederick Graves, Patricia Graves and Cynthia Graves, Plaintiffs-Appellees,

v.

Bobby Leon THOMPSON (Graves), Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 4, 1986.

Application for Permission to Appeal Denied by Supreme Court June 16, 1986.

Dennis W. Powers, McClellan, Powers & Ehmling, P.C., Gallatin, for plaintiffs-appellees.

Nathan Harsh, James B. Hawkins, Harsh & Kelly, Gallatin, for defendant-appellant.

OPINION

LEWIS, Judge.

John Graves and his brother Latt Graves owned a small farm in Sumner County, Tennessee. Both John Graves and Latt Graves are deceased. The defendant and plaintiffs, with the exception of Elvie Graves, are their heirs at law.

On November 14, 1984, plaintiffs filed their complaint asking that the property now owned by all of the parties as tenants in common be sold with the proceeds of the sale to be distributed among the parties according to their interest in the land. The defendant, Bobby Leon Thompson (Graves), filed an answer in which he asserts that "the property is so situated and the nature of the property is such that it can be equitably and fairly partitioned in kind...."

Pursuant to an order of reference, the Master was essentially ordered to determine (1) who owned what interest in the land, and (2) "whether or not a partition sale would be in the best interest of the parties, or in the alternative, whether the property is so situated as such that it cannot be partitioned in kind."

As to the first question, the Master found that the real estate, consisting of approximately 86 acres, should be divided as follows: Defendant Bobby Leon Thompson (Graves) a fifty percent undivided interest in the whole, and the plaintiffs together a fifty percent undivided interest in the whole with their portion of ownership as follows:

Allene Coates—one-twelfth interest, Willie Graves—one-twelfth interest, McKinney Graves—one-twelfth interest, Virgil Graves—one-twelfth interest, Roy Graves—one-twelfth interest, and the descendants of Hoy Graves, deceased, namely: Frederick Graves—a one-thirty-sixth interest, Patricia Graves—a one-thirty-sixth interest, and Cynthia Graves—a one-thirty-sixth interest.

With regard to the second question, the Master found that "the preponderance of the proof is that the property cannot be equitably partitioned in kind." Several reasons were given to support this conclusion, among them being the fact that the land is intersected by a highway, a difference in the amount of useable road front, a difference in the timber and creek land, and the fact that those parties with a one-thirty-sixth interest in the land would receive less than the five acres required for the building of a dwelling in Sumner County.

On April 16, 1985, defendant filed an objection to the Master's Report, specifically objecting to the Master's failure to determine "whether or not a partition sale would be in the best interest of the parties...." A hearing was had upon the objection before the Chancellor on October 16, 1985, at which time he overruled the defendant's objection, approved the report of the Master, and ordered the sale of the property.

In this Court, defendant presents the issue of whether or not the Chancellor erred in approving the Master's report ordering the land sold and the proceeds divided among the heirs, as opposed to partitioning the land in kind.

■ The proper standard of review to be employed by this Court is set forth in Tenn. Code Ann. § 27–1–113 which, in pertinent part, is as follows: "Where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the Court of Appeals shall not have the right to disturb such finding." The law is clear that a joint finding by the chancellor and master has the same force and effect as the verdict of a jury approved by the trial judge. *Schoen v. J.C. Bradford & Co.*, 642 S.W.2d 420 (Tenn.App.1982). Thus, a concurrence of the master and chancellor is conclusive upon appeal, except (1) where it is upon an issue not proper to be referred, (2) where it is based on an error of law or a mixed question of fact and law, or (3) where it is not supported by any material evidence. *Staggs v. Herff Motor Company, Inc.*, 216 Tenn. 113, 390 S.W.2d 245 (1965); *Moore v. Moore*, 602 S.W.2d 252 (Tenn.App.1980).

■ Defendant does not contend that the issue was not a proper issue to be referred. Nor does he contend that the Chancellor's judgment is based on an error of law or a mixed question of fact and law. He does contend that the concurrent finding of the Master and Chancellor is not supported by material evidence.

In support of this contention, defendant argues that Gene Carman and Carroll Carman, real estate experts, testified that it was possible to partition the land in kind and that such a partition would be to the monetary advantage of all concerned. However, the plaintiffs point to the testimony of Willie Graves and Allene Coates, both of whom testified that it would not be possible to equitably partition the land in kind and that the value of the property

would be greater if the land was sold as a whole.

This Court does not weigh the evidence. Our responsibility is to determine whether or not there was any material evidence to support the decision of the trial court. Our review of this record discloses that there is material evidence to support the concurrent finding of the Master and Chancellor.

This issue is without merit.

 Defendant also complains that the Master did not specifically find whether it would be in the best interest of the parties to have the property partitioned and sold. Tennessee Code Annotated § 29–27–201 sets forth two conditions under either of which a cotenant is entitled to a sale. These conditions are: (1) "If the premises are so situated that partition thereof cannot be made" or (2) "Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned."

The Master's report as concurred in by the Chancellor specifically found that the property in question could not be partitioned in kind. As discussed above, there is material evidence to support that finding. Thus, the Master need not answer the additional question of whether or not the sale is to the advantage of the parties. Under Tenn.Code Ann. § 29–27–201, if either of the two conditions exist, it is immaterial whether the other condition exists. *Medley v. Medley,* 61 Tenn.App. 331, 454 S.W.2d 142 (1969). This issue is also without merit.

Plaintiffs argue that the appeal is frivolous within the meaning of Tenn.Code Ann. § 27–1–122, and therefore they should be awarded damages which they have incurred as a result of this appeal.

We have reviewed the record and, under all of the circumstances, find that the appeal is not frivolous.

The judgment of the trial court is affirmed with costs assessed against defendant Bobby Leon Thompson (Graves) and the cause remanded to the trial court for the collection of costs, the enforcement of its judgment, and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.