IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 26, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | C/A 03A01-9806-CH-00202 |
| THE ESTATE OF JOHN L. HARPER, | ) | |
| DECEASED. | ) | |
| | ) | |
| | ) | |
| ALVIN J. NANCE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | KNOX COUNTY CHANCERY COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| N. DAVID ROBERTS, JR., | ) | |
| ADMINISTRATOR C.T.A. OF THE | ) | |
| ESTATE OF JOHN L. HARPER, | ) | |
| DECEASED, | ) | |
| | ) | HON. FREDERICK D. McDONALD, |
| Defendant-Appellee. | ) | CHANCELLOR |


For Appellant                          For Appellee

WILLIAM C. SKAGGS                      LINDA V. BAILEY
JAMES A. MATLOCK, JR.                  Bailey, Roberts & Bailey, PLLC
Ayres & Parkey                         Knoxville, Tennessee
Knoxville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                          Susano, J.

This is a probate matter. Alvin J. Nance, the former executor of the estate of John L. Harper, appeals an order of the trial court confirming the report of the Clerk and Master, which report charges Nance with a balance of $115,403.31 in the settlement of Harper's estate. On appeal, Nance presents one issue for our review: Does the evidence preponderate against the trial court's conclusion that Nance failed to properly account for funds of the decedent's estate?

I.  *Facts*

Nance, who was a Vice-President of SunTrust Bank and one of its branch managers, prepared the decedent's will. The will names him as executor. It contains several bequests -- one of $80,000 to the decedent's business partner, James E. Houston, and one of $20,000 to the decedent's wife. The will indicates that the funds to satisfy these bequests are in "my residential safe."

The decedent signed the will while in the hospital during his last illness. He died three days later. It is undisputed that the three individuals whose signatures are affixed to the will as witnesses did not actually see the decedent sign his will.[1] These three "witnesses" -- all employees of a branch of SunTrust Bank -- signed the will at their branch, at Nance's request.

---

[1] It is not even clear in the record when the "witnesses" affixed their signatures to the will in relation to the date on which the will was signed by the decedent.

The will was admitted to probate, and Nance qualified as executor of the estate. He went to the decedent's home to retrieve the decedent's cash from the home safe, but was unable to locate the safe described in the will.[2] A few days later, Houston visited Nance at the bank and gave him $99,950 in cash. He told Nance that this was the cash described in the will. Nance accepted the money as an asset of the estate and deposited it into the estate's bank account at SunTrust. The next day, after seeking the advice of counsel, Nance disbursed $80,000 to Houston in accordance with the will. Two months later, he disbursed an additional $20,000 to Houston, supposedly at the request of and for the benefit of the decedent's wife.[3]

Thereafter, the decedent's wife contested the will. In the will contest, the circuit court held that the will was invalid, due to its improper execution. Consequently, the circuit court declared that the decedent had died intestate.

Nance resigned as executor and a new personal representative -- N. David Roberts, Jr. -- was appointed by the trial court. Nance, acting pursuant to a court order, filed his accounting, charging himself with the receipt of the $99,950 from Houston and crediting himself with the two disbursements to Houston. The new personal representative filed objections to the credits claimed for the disbursements to Houston.

---

[2]Mrs. Harper testified before the Clerk and Master that the decedent had never owned a home safe.

[3]Mrs. Harper denied that she authorized this disbursement.

Upon referral, the Clerk and Master found, among other things, that Nance improperly credited himself with the two distributions to Houston. Nance filed a motion with the trial court seeking review of the Clerk and Master's report. Subsequently, the trial court confirmed the Clerk and Master's report and entered judgment against Nance for $115,403.31.

On this appeal, Nance contends that the trial court's conclusions are contrary to the weight of the evidence. Specifically, he argues that the evidence in the record does not support the trial court's finding that the $99,950 delivered to him by Houston was an asset of the estate. In the alternative, he argues that the trial court erred in failing to allow him a credit for the $80,000 disbursement to Houston.

## II. *Standard of Review*

The parties disagree as to our standard of review. Relying on the language of Rule 13(d), T.R.A.P., Nance insists that this court should review the findings below "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." The administrator c.t.a. urges us to apply the material evidence standard of review, pointing out the concurrent findings of the trial court and the Clerk and Master.

It is well-settled that concurrent findings by a master and a trial court have the "same force and effect as a jury verdict and will generally not be disturbed by the appellate

4

courts." ***In re Estate of Wallace***, 829 S.W.2d 696, 700 (Tenn.App. 1992). *See also **In re Estate of Tipps**,* 907 S.W.2d 400, 403 (Tenn. 1995); ***Black v. Love & Amos Coal Co.***, 206 S.W.2d 432, 433 (Tenn. 1947); ***Coates v. Thompson***, 713 S.W.2d 83, 84 (Tenn.App. 1986); ***Schoen v. J.C. Bradford & Co.***, 642 S.W.2d 420, 424 (Tenn.App. 1982); T.C.A. § 27-1-113. Such concurrent findings are conclusive on appeal except in four situations:

> ...(1) where it is upon an issue not proper to be referred...; (2) where it is based on an error of law...; (3) where it is upon a question of law or mixed fact and law...; or (4) where it is not supported by any material evidence...

***Black v. Love & Amos Coal Co.,*** 206 S.W.2d at 433 (citations omitted). *See also **In re Estate of Wallace***, 829 S.W.2d at 700.

### III. *Analysis*

The Clerk and Master, in his role as fact-finder, made findings pursuant to T.C.A. § 30-2-607 to address the objections filed against Nance. "The Master, as a finder of fact, [i]s at liberty to exercise his discretion and best judgment as to what weight or consideration he would accord any evidence offered to him." ***Schoen***, 642 S.W.2d at 426-27. The trial court, after reviewing the report of the Clerk and Master, concurred in those findings. We find nothing in the record that would bring this case within the first three exceptions to the concurrent findings

rule noted in the **Black** case.[4]   Thus, we are limited in our

review to determining whether there is material evidence to

support the concurrent findings of the Clerk and Master and the

trial court.  **Coates**, 713 S.W.2d at 85.


Nance included $99,950 -- a deposit of cash to the

estate's bank account -- as an item on his sworn "Court Ordered

Accounting of the Estate of John L. Harper, Deceased"

("Accounting").  He described this item as follows:


> Deposited contents of home safe into account.
> James E. Houston delivered cash to me at my
> office after several unsuccessful attempts
> were made by Rob Gieselmann, Esquire, and
> myself to marshall the assets and ascertain
> the contents of the safe.


Nance testified at the hearing before the Clerk and Master that

he and Houston had arranged to retrieve the $100,000 from the

decedent's home safe; however, Houston did not come to the house

at the scheduled time, and Nance was unsuccessful in finding the

safe or otherwise retrieving the money.  Shortly thereafter --

according to Nance -- Houston brought $99,950 in cash to him at

the bank.  Nance deposited these funds into the estate's bank

account.  This deposit is reflected as a transaction, dated May

17, 1993, on the monthly statement of the estate's bank account.

The Clerk and Master determined that the $99,950 was an asset of

the estate.  Ownership of an asset is a question of fact,

**Lawrence v. Mullins**, 449 S.W.2d 224, 229 (Tenn. 1969); **Greer v.**

---

[4]Nance argues that the challenged findings pertain to mixed questions of
law and fact.  We disagree.  The Clerk and Master made factual determinations
that supported his conclusion that Nance failed to properly account for funds.
of the estate.

6

*Shelby Mut. Ins. Co.*, 659 S.W.2d 627, 630 (Tenn.App. 1983); hence, it was properly within the purview of the Clerk and Master's fact-finding role.

Nance listed the disbursement of $80,000 to Houston on the Accounting as follows:

> Cashed check and delivered entire amount to James E. Houston upon the suggestion and advice of counsel. (No receipt for this transaction).

Nance testified before the Clerk and Master that he personally disbursed these funds to Houston by writing Houston a check that was drawn on the estate's bank account. A withdrawal of $80,000, dated May 18, 1993, is listed on the estate's bank account statement. A check made payable to James E. Houston for $80,000 is included in the record.

The Clerk and Master determined that the decedent died intestate and that Houston "is not an heir of the decedent at intestacy." Nance concedes this point in his brief.

Our review of the record persuades us that there is material evidence to support the determinations of the Clerk and Master (1) that the cash delivered to Nance was the property of the estate and (2) that the disbursement of $80,000 to Houston is not a credit to which Nance is entitled. The trial court, after reviewing the evidence and the report of the Clerk and Master, concurred in those findings. As we have previously indicated, such concurrent findings, supported by material evidence, are

conclusive on appeal.  *In re Estate of Tipps*, 907 S.W.2d at 403; *In re Estate of Wallace*, 829 S.W.2d at 700.  Our task is not to re-weigh the evidence, but simply to determine if there is any material evidence to support the judgment of the trial court. *Coates*, 713 S.W.2d at 85.  Having found such evidence in the record, we are not authorized to disturb that judgment.

## IV.  *Conclusion*

The judgment of the trial court is affirmed.  Costs on appeal are taxed to the appellant.  This case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.