IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 21, 2000 Session

## ELVIN L. BLANKENSHIP, ET AL. v. ALVIS BLANKENSHIP, ET AL.

**Direct Appeal from the Chancery Court for Henderson County**
**No. 8635     Joe C. Morris, Chancellor**

_____

**No. W1999-02134-COA-R3-CV - Filed January 31, 2001**

_____

This appeal arises from a property line dispute between several parties. During the trial, the Chancellor appointed an independent surveyor as a Special Master to determine the actual location of the boundary lines between the parties. When the Special Master reported his results, the Chancellor concurred in his findings. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY K. LILLARD, J. and HEWITT P. TOMLIN, JR., SP. J, joined.

Michael L. Weinman, Henderson, Tennessee, for the appellants, Alvis Blankenship, Dorothy Blankenship, Charles Goodman and Kathy Goodman.

Daniel J. Perky, Lexington, Tennessee, for the appellees, Elvin L. Blankenship, Mary Blankenship, and Wayne Blankenship.

### OPINION

In 1993, Elvin L. Blankenship, Mary Blankenship, and Wayne Blankenship ("Plaintiffs") filed suit claiming title and ownership of a portion of property which Alvis Blankenship, Dorothy Blankenship, Charles Goodman and Kathy Goodman ("Defendants") claimed as their own. Both parties undertook surveys of the disputed area with the Plaintiffs hiring Lyndell Daniels and the Defendants hiring David Hall. These surveyors testified at an initial trial court hearing in Henderson County Chancery Court in 1994.

At this hearing, the Chancellor appointed an independent surveyor, Max Billingsley, as a Special Master to determine the boundary line. In 1995, the parties had their second court hearing in which Mr. Billingsley testified as to the findings of his survey. The trial court refused to allow the Plaintiffs to present any additional evidence and set the boundary line at the location determined by Mr. Billingsley. The Plaintiffs appealed the ruling to this court claiming that the trial court had

violated their due process rights by failing to allow the presentation of additional evidence. We agreed and vacated the judgment to allow the Plaintiffs to present additional evidence to the trial court.

The Plaintiffs hired a new surveyor, Thomas White, and presented his survey results at a trial court hearing in 1999. Thereafter, the trial judge again adopted the plat submitted by Mr. Billingsley and entered an order incorporating his findings as to the proper placement of the boundary lines. This appeal followed.

The issue presented on appeal, as we perceive it, is as follows:

Did the trial court err in adopting the survey of the court appointed special master, Mr. Billingsley?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is ***de novo*** with a presumption of correctness. ***See*** Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. ***See, e.g., Randolph v. Randolph***, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is ***de novo*** with no presumption of correctness. ***See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

## Adoption of the Special Master's Survey

Tennessee Code Annotated section 27-1-113 provides the standard for reviewing the findings of a Special Master in which a Chancellor concurs. "Where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the court of appeals shall not have the right to disturb such finding." Tenn. Code Ann. § 27-1-113 (2000). ***See also Haynes v. Wilson***, No. 03A01-9403-CH-00118, 1994 WL 719641, at *2 (Tenn. Ct. App. Dec. 28, 1994)(***no perm. app. filed***).

> The concurrent finding of a master and a chancellor has the same force and effect as a jury verdict approved by the trial judge. Such a concurrence is conclusive on appeal unless (1) the issue is one not proper for reference to a master, (2) the concurrence is based on an error of law or a mixed question of law and fact, or (3) the concurrence is not supported by any material evidence.

***See id.*** (citing ***Coates v. Thompson***, 713 S.W.2d 83 (Tenn. Ct. App. 1986)(citations omitted)).

"In general, there is no question of unknown or disputed fact which may not be referred to the Master, to the end that the Chancellor and the parties may have the benefit of his investigations and findings." ***See id.*** (quoting William H. Inman, Gibson's Suits in Chancery § 252 (7th ed., 1988). ***See also*** Tenn. R. Civ. P. Rule 53.02. In this case, the Chancellor appointed

an independent surveyor as a Special Master to make a particular finding in order to assist the court in reaching its final determination. As such, it is clear that this issue could properly be referred to a Special Master.

Reviewing the record before us, it is clear that Mr. Billingsley had access to all deeds related to the disputed property and conducted his survey using the data found within these deeds. The disputes that have arisen between his survey and the Plaintiffs' survey are questions of fact dealing with such "on the ground" disputes as the location of old roads and fences. It is clear that the concurrence is based only on a question of fact, thus the second exception does not apply.

In addition, it is clear that there is ample evidence to support the Chancellor's concurrence with the Special Master's survey. Among this evidence is the fact that the surveys of Mr. Billingsley and the Defendants' surveyor, Mr. Hall, are closely related. We cannot state that the concurrence is not supported by any material evidence and thus the third exception does not apply.

## Conclusion

Based on the foregoing conclusions, we find no reason to disturb the Chancellor's concurrence of the findings of the Special Master. We hereby affirm the ruling of the trial court. Costs on appeal are assessed against the Appellants, Alvis Blankenship, Dorothy Blankenship, Charles Goodman and Kathy Goodman, and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE