IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
December 29, 2000 Session

## JAMES GARRETT, ET AL. v. ISIAH ROWSER

An Appeal from the Chancery Court for Shelby County
No. 101290-1     Walter L. Evans, Chancellor

---

No. W1999-02369-COA-R3-CV - Filed September 5, 2001

---

This is a dispute among the members and officials of a church and the church pastor. The plaintiff church members and officials filed for injunctive relief against the defendant pastor of the church, seeking to remove him as pastor and prevent him from disposing of or eroding church assets. The trial court enjoined the pastor defendant from disposing of, eroding or concealing church assets, and also ordered an election. Under the court-ordered church election, the defendant was removed as pastor of the church. Subsequently, the defendant pastor executed a trust deed encumbering certain church properties. After the trust deed was foreclosed and the property was sold at a foreclosure sale, the defendant pastor filed a counter-complaint in the pending suit, alleging that he was the successful bidder at the foreclosure sale and that title of the church property should be transferred to him. In payment of his bid, the defendant pastor tendered bonds issued by the church. The trial court referred to a special master eight issues relating to the ownership and value of the bonds. The special master and trial court found that the defendant pastor had not established that he paid for the bonds. The defendant pastor appeals, arguing that the trial court erred in its finding on the bonds and that it failed to address or take evidence on additional issues raised in his counter-complaint. We affirm the decision of the trial court on the bonds, but remand the cause for proof on the remaining issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Charles Ronald Curbo, Memphis, Tennessee, for the appellant Isiah Rowser.

Patricia A. Odell, Memphis, Tennessee, for the appellees James Garrett, Bennie Steward, Thomas R. Tabor, Pressie Wells, Aaron Bohanon, Jake Holston, Lula Manley, Alfred Chaney, George Kelly, Providence Clark, Edwin Henderson, Eddie Pickens, S.L. Henderson, and Hugh Golden

## MEMORANDUM OPINION[1]

This is a dispute among the members and officials of a church and the pastor of the church. In April 1992, plaintiffs James Garret, Bennie Steward, Thomas Tabor, Pressie Wells, Aaron Bohanon, Jake Holston, Lula Manley, Alfred Chaney, George Kelly, Providence Clark, Edwin Henderson, Eddie Pickens, S. L. Henderson, and Hugh Golden (collectively "the plaintiffs"), as the deacons and trustees of the Tree of Life Baptist Church, filed a complaint for injunctive relief against the church's pastor, Isiah Rowser ("Rowser"). The complaint alleged, *inter alia*, that Rowser had disposed of real property belonging to the church without the approval of the church's members or officers. The Tree of Life Baptist Church ("the Church") is an unincorporated religious organization. On April 30, 1992, the trial court entered an order allowing Rowser to continue his duties at the Church but enjoining him from "disposing [of], eroding or concealing [the Church's] assets." The trial court also ordered that all monies be handled by the Church's trustees. On June 26, 1992, in response to a dispute among the parties as to whether the Church had adopted by-laws providing for an election in disputes over a pastor's tenure, the trial court issued a decree finding that the Church by-laws required such a vote and ordered an election, appointing a special master to conduct the election.

After conducting the ordered election, the Special Master filed his report on September 9, 1992, stating that the majority of the members voted to remove Rowser as pastor. On January 29, 1993, the plaintiffs filed a petition for scire facias, alleging that Rowser had violated the trial court's April 30, 1992 order by executing and recording a deed of trust, encumbering four parcels of land belonging to the Church. In his answer and counter-complaint, Rowser asserted that he was not in violation of the trial court's prior order because the deed of trust at issue was the subject of an agreement made prior to the trial court's injunction. Pursuant to the alleged agreement, the deed of trust was also to be used to secure payment of bonds previously issued by the Church to various church members. Rowser asserted that the deed of trust was not recorded prior to the injunction only because he had procrastinated.

After that, the case was apparently dormant for some time. In April 1996, the plaintiffs filed a motion requesting that the deed of trust be set aside. In May 1996, Rowser filed an affidavit stating that the deed of trust had been foreclosed and the property sold at public auction. Rowser then amended his answer and counter-complaint to reflect that the deed of trust had been foreclosed

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and the property sold. In the amended answer and counter-complaint, Rowser maintained that he had successfully bid for the property at the foreclosure sale, tendering bonds issued by the Church as his payment for the property. Rowser argued that the substitute trustees of the Church had wrongfully refused to execute a deed conveying the property to him. Rowser sought an order vesting title of the property in him. Rowser also sought a determination that he was entitled to use the bonds in payment of his bid for the property. In late 1996, Rowser amended his answer and counter-complaint again, alleging that the foreclosure sale was not held in accordance with statute, should be set aside, and that a new sale should be conducted. In the alternative, Rowser alleged that, if the sale were valid, title to the property should be transferred to him based on his successful bid and that the church bonds should be accepted as his payment for the property.

On June 24, 1997, the trial court entered an order of reference, referring eight specific issues to a special master. In the Order of Reference, the trial court ordered that the Special Master receive evidence and report to the trial court as to which bonds were in Rowser's possession, the total amount of money received by the Church in issuing those bonds, the amount the Church received for each individual bond and the date that the money was received, the date and amount of any payments the Church had made on any of the bonds in Rowser's possession, the total amount the Church owed on each bond in Rowser's possession, the amount the Church owed on any bonds not in Rowser's possession and whether the Church had made any payments on them, the number of bonds in Rowser's possession which were never sold or turned over to the Church, and the amount of Rowser's salary paid by Church bonds.

After a hearing on the issues, the Special Master found, *inter alia*, that Rowser failed to show that he had purchased the bonds in his possession or that he had given the Church any money for the bonds in his possession. The Special Master also found that none of Rowser's salary was paid in the form of bonds. Rowser subsequently filed exceptions to the Special Master's report. The plaintiffs also filed exceptions to the Special Master's report. A hearing on the Special Master's report was held on December 1, 1998. After considering the pleadings, the Special Master's report, and the parties' testimony at the hearing, the trial court found that Rowser had failed to establish by "clear and convincing proof" that he had paid value for the bonds at issue. Instead, he held the bonds in trust as pastor of the Church. The trial court also found that there was no credible proof that the Church owed Rowser for anything other than the services he rendered as pastor. Rowser now appeals.

On appeal, Rowser argues that the trial court erred in finding that he failed to establish that he had paid for the bonds in his possession. He also argues that the trial court erred in not ruling in favor of his exceptions to the Special Master's report. Rowser contends further that the trial court also erred in not granting an additional hearing to address other issues raised in his counter-complaint that were not included in the issues referred to the Special Master.

The trial court's referral of matters to a special master affects this Court's standard of review on appeal. *Archer v. Archer*, 907 S.W.2d 412, 415 (Tenn. Ct. App. 1995). A concurrent finding of a master and a trial court is conclusive on appeal, except where it is upon an issue not proper to

be referred, where it is based on an error of law or a mixed question of fact and law, or where it is not supported by any material evidence. *Id.* (citing *Coates v. Thompson*, 713 S.W.2d 83, 84 (Tenn. Ct. App. 1986); Tenn. Code Ann. § 27-1-113. If there is any material evidence to support the trial court's concurrent factual finding, the trial court's finding must be affirmed. *Id.* Based on our review of the record, we find that there is material evidence to support the trial court's finding that Rowser failed to establish that he paid value for the bonds in his possession. Accordingly, we affirm the trial court's findings with regards to the bonds.

Rowser also argues that the trial court failed to address additional issues raised in his counter-complaint. In his statement of the proceedings, Rowser contends that these issues were not referred to the Special Master and that there was no evidence taken on the additional issues at the hearing on December 1, 1998. The record on appeal does not indicate that the trial judge acted on Rowser's proffered statement of the evidence. Therefore, under Rule 24(f) of the Tennessee Rules of Appellate Procedure, Rower's statement of the evidence is "deemed to have been approved" and the appellate court is require to consider it as approved. Under these circumstances, we find that the trial court failed to address the remaining issues raised in Rowser's counter-complaint, and remand this case for a hearing on those issues.

The decision of the trial court is affirmed in part and remanded for further proceedings consistent with this Opinion. Costs on appeal are taxed to the Appellant, Isiah Rowser, and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE